## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **RANDOM CHAT, LLC,** | **Case No. 3:25-cv-01129** |
| **Plaintiff,** | |
| **v.** | **JURY TRIAL DEMANDED** |
| **CARPARTS.COM, INC.,** | |
| **Defendant.** | |

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant CarParts.com, Inc. ("CarParts.com" or "Defendant") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Random Chat, LLC's ("Random Chat" or "Plaintiff") Original Complaint for Patent Infringement ("Complaint") based on U.S. Patent No. 8,402,099 ("the '099 patent" or "the Asserted Patent"). Defendant denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

### I.    PARTIES

1.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and on that basis, denies all such allegations.

2.    Defendant admits that it is a corporation organized and existing under the laws of the state of Delaware and that it has a place of business located at 1301 Avenue T, Grand Prairie, TX 75050.

---

[1] To avoid doubt, Defendant denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

3.      Defendant admits that that it can be served via its registered agent, Corporation Service Company, at 251 Little Falls Drive, Wilmington, Delaware 19808.

4.      Defendant admits it does business in Texas. Defendant denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Defendant denies any remaining allegations in Paragraph 4 of the Complaint.

## II.    JURISDICTION AND VENUE

5.      Defendant admits that the Complaint purports to set forth an action under the Patent Laws of the United States, 35 U.S.C. § 271, and the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), but Defendant denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. Defendant denies any remaining allegations in Paragraph 5 of the Complaint.

6.      Defendant does not contest whether personal jurisdiction over it properly lies in this District in this action, or that it conducts business in the State of Texas. Defendant denies it has committed and/or is committing acts of infringement in the U.S., within the State of Texas, or in this District and, on that basis, denies the remaining allegations in Paragraph 6 of the Complaint.

7.      Defendant does not contest that venue is proper in this case, but denies that venue is convenient.  Defendant admits that it conducts business in this District but denies that it has committed the acts of alleged infringement. Defendant denies any remaining allegations in Paragraph 7 of the Complaint.

## III.    [ALLEGED] INFRINGEMENT OF THE '099 PATENT

8.      Defendant admits the '099 Patent speaks for itself but denies any characterizations inconsistent therewith. To the extent any response is required, Defendant admits that on the face of the Patent its title is "Method for Carrying Out a Multimedia Communication Based on a

Network Protocol, Particularly TCP/IP and/or UDP," and that a purported copy of the '099 Patent is included as Exhibit A to the Complaint. Defendant denies that the '099 Patent issued on February 27, 2013 as the face of the Patent states the '099 Patent issued on March 19, 2013. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint and, on that basis, denies all such allegations.

9.      Defendant denies the allegations in Paragraph 9 of the Complaint.

10.     Defendant denies the allegations in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations in Paragraph 11 of the Complaint.

12.     Defendant denies the allegations in Paragraph 12 of the Complaint.

13.     Defendant denies the allegations in Paragraph 13 of the Complaint.

14.     Defendant denies the allegations in Paragraph 14 of the Complaint.

## IV.     CONDITIONS PRECEDENT

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, on that basis, denies all such allegations.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, on that basis, denies all such allegations.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, on that basis, denies all such allegations.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, on that basis, denies all such allegations.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, on that basis, denies all such allegations.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, on that basis, denies all such allegations.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and, on that basis, denies all such allegations.

## V.     JURY DEMAND

Defendant is not required to provide a response to Plaintiff's demand for jury trial.

## VI.     PRAYER FOR RELIEF

To the extent that a response is required to Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to any judgement against Defendant and/or an order granting relief in any of the forms requested in parts a-g.

## AFFIRMATIVE DEFENSES

Defendant's Affirmative Defenses are listed below. Defendant reserves the right to amend its Answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

### FIRST AFFIRMATIVE DEFENSE

Defendant has not infringed and does not infringe, either directly or indirectly, under any theory of infringement, any valid, enforceable claim of U.S. Patent No. 8,402,099.

### SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '099 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff, any predecessors in interest, or any licensees to the Asserted Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Defendant's actions allegedly infringe the Asserted Patent, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant received actual notice that it was allegedly infringing the Asserted Patent.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the Asserted Patent against Defendant is barred by one or more of the equitable doctrines of estoppel, acquiescence, waiver, and unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

The claims of the Asserted Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Defendant.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering its reasonable attorneys' fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Defendant indirectly infringes, either by contributory infringement or induced infringement, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant knew that its actions would cause indirect infringement.

## EIGHTH AFFIRMATIVE DEFENSE

Should Defendant be found to infringe any valid, enforceable claim of the '099 Patent, such infringement was not willful because Defendant had no actual knowledge of the '099 Patent prior to service of this lawsuit.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred from asserting certain claim scope by prosecution history estoppel based on amendments and arguments made during prosecution of the '099 Patent.

## TENTH AFFIRMATIVE DEFENSE

The asserted claims of the '099 Patent are invalid under 35 U.S.C. § 112(b) for being indefinite and failing to particularly point out and distinctly claim the subject matter.

## ELEVENTH AFFIRMATIVE DEFENSE

The asserted claims of the '099 Patent are invalid under 35 U.S.C. § 101 as being directed to patent-ineligible subject matter, including abstract ideas, without sufficient inventive concept.

## TWELFTH AFFIRMATIVE DEFFENSE

Plaintiff's claims are barred by the doctrine of patent exhaustion and/or first sale doctrine.

## COUNTERCLAIMS

For its counterclaims against Random Chat, LLC ("Random Chat"), CarParts.com, Inc. ("CarParts.com") alleges as follows:

## PARTIES

1.      CarParts.com is a company organized and existing under the laws of the state of Delaware.

2.      Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Random Chat, Random Chat is a limited liability company organized under the laws of the State of Texas with its principal place of business located in Austin, TX.

## JURISDICTION

3.      CarParts.com incorporates by reference Paragraphs 1-2 above.

4.      These counterclaims arise under the patent laws of the United States, Title 35 of the United States Code. The jurisdiction of the Court is proper under at least 35 U.S.C. § 271 *et seq.,* and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

5.      Based solely on Random Chat's filing of this action, Random Chat has consented to the personal jurisdiction of this Court.

6.      Based solely on Random Chat's filing of this action, venue is proper for purposes of these counterclaims in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I

7.      CarParts.com incorporates by reference Paragraphs 1–6 above.

8.      Based on Random Chat's filing of this action and at least CarParts.com's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether CarParts.com infringes U.S. Patent No. 8,402,099 (the "'099 Patent").

9.    CarParts.com does not infringe at least Claim 1 of the '099 Patent because, among other things, it does not practice a method having the complex virtual subscriber profile system, random subscriber selection algorithms, and hierarchical subscriber sub-pool management required by Claim 1 of the '099 Patent.

10.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., CarParts.com requests a declaration by the Court that CarParts.com has not infringed and does not infringe any claim of the '099 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II

11.    CarParts.com incorporates by reference Paragraphs 1–6 above.

12.    Based on Random Chat's filing of this action and at least CarParts.com's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether CarParts.com infringes the '099 Patent.

13.    The asserted claims of the '099 Patent is anticipated and/or rendered obvious by, inter alia,  U.S. Patent Application No. 2007/0260724, PCT Application No. 2008/017488A2, and U.S. Patent No. 7,603,413.

14.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., Defendants request a declaration by the Court that the claims of the '099 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, CarParts.com asks this Court to enter judgment in CarParts.com's favor and against Random Chat by granting the following relief:

a)     A declaration that the '099 Patent is invalid;

b)     A declaration that CarParts.com does not infringe any valid claim of the '099 Patent that may be enforceable;

c)     Judgment against Random Chat and in favor of CarParts.com;

d)     Dismissal of the Complaint with prejudice;

e)     A finding that this case is an exceptional case and under 35 U.S.C. § 285 and an award to CarParts.com of its costs and attorneys' fees incurred in this action; and

f)     Further relief as the Court may deem just and proper.

## JURY DEMAND

CarParts.com hereby demands trial by jury on all issues.

Dated: June 17, 2025                          Respectfully submitted,


                                   By:  */s/ Neil J. McNabnay*
                                        Neil J. McNabnay
                                        Texas Bar No. 24002583
                                        Ricardo J. Bonilla
                                        Texas Bar No. 24082704
                                        Michael Vincent
                                        Texas Bar No. 24105738
                                        FISH & RICHARDSON P.C.
                                        1717 Main Street, Suite 5000
                                        Dallas, Texas 75201
                                        Telephone: (214) 747-5070
                                        Facsimile: (214) 747-2091
                                        mcnabnay@fr.com
                                        rbonilla@fr.com
                                        vincent@fr.com

                                        Julie Metkus
                                        Texas Bar No. 241345535
                                        FISH & RICHARDSON P.C.
                                        111 Congress Ave, Suite 2000
                                        Austin, Texas 78701
                                        Telephone: (512) 472-5070
                                        Facsimile: (512) 320-8935
                                        metkus@fr.com

                                   **COUNSEL FOR DEFENDANT
                                   CARPARTS.COM, INC.**


                       **<u>CERTIFICATE OF SERVICE</u>**

        The undersigned hereby certifies that a true and correct copy of the above and foregoing

document has been served on June 17, 2025, to all counsel of record who are deemed to have

consented to electronic service via the Court's CM/ECF system.

                                        */s/ Neil J. McNabnay*
                                        Neil J. McNabnay